# SARAH A. TANQUARY

### v.

# E. M. WALKER AND ALMA FLY, COPARTNERS.

*Statute of Frauds—Mechanics' Liens.*

1. To be valid, a promise by one to pay the debt of another, must be in writing.
2. The lien law does not operate to make the debt of a contractor the debt of the owner of the building.
3. The promise of a property owner to supply-men to pay the bills of contractors, does not prevent the supply-men, as a matter of law, from enforcing their lien.

[Opinion filed June 26, 1893.]

APPEAL from the Circuit Court of Jefferson County; the Hon. E. D. YOUNGBLOOD, Judge, presiding.

Mr. WILLIAM T. PACE, for appellant.

Mr. ALBERT WATSON, for appellees.

MR. JUSTICE SAMPLE. The appellant contracted with Ferguson & Cochran, to construct her a dwelling house complete, for $700. They contracted with E. M. Walker & Co., the appellees, for the lumber for the house.

By May 1, 1891, the appellees had furnished to Ferguson & Co. lumber for such house of the value, as charged on appellee's books, of $357.22.

On that day appellant, with her daughter, went to appellees' place of business to settle a small bill of her own, of the amount of $5.90, which she paid and obtained a receipt in full. While there she inquired if Ferguson & Co. had paid appellees on the lumber the last $100 which she had paid to them, when appellees' agent replied that the money had been paid, but all of it except $3.62, had been credited on another bill or account of Ferguson & Co.

At this point a conversation took place which is the subject of dispute. Appellees contend that appellant then promised to pay for all materials that went into her house, upon which promise it is claimed they relied, and did not take out a lien in consequence thereof. Appellant denies such promise and is corroborated in such denial by her daughter, who was present at the time. Appellant's version of the conversation is, that she stated that thereafter she would see to the application of the money as it became due to Ferguson & Co.

After that time she paid to appellees $100 on May 14, 1891, $75 on August 11th, and $100 thereafter, making a total of $275. She had before that time paid Ferguson & Co. $155.

The total amount of lumber furnished to Ferguson & Co. by appellees that went into the construction of appellants' house was of the value of $428.40, so that after such conversation on May 1, 1891, $71.18 worth of lumber was furnished by appellees. The account of this lumber was kept on the books of the appellee as follows: "Ferguson & Co. in account with Walker & Co. for Tanquary."

There is no pretense that, originally, credit was extended to the appellant, or that the lumber furnished prior to May 1, 1891, was sold to her, or on the faith of her promise. Therefore, it is clear that the $357.22 was within the statute of frauds, even if she did promise to pay it, which promise is not considered sustained by the evidence, in view of all the facts and circumstances. If, however, it should be conceded that the promise was made, the money subsequently paid was paid generally, and she would have a right to have it first applied on the $71.18, for which, on the theory that that amount of lumber was furnished on the faith of such promise, she would be liable. As to the residue of such account, that promise would be collateral, and therefore she would not be liable, as it was a promise to pay the debt of another, and not in writing. Owen v. Stephens, 70 Ill. 463. The fact that the appellees, under the law, would have a lien on appellant's house for such claim, does

not take the case out of the statute of frauds. That is a special statutory proceeding to which the appellees could resort or not, as they desired, if they first complied with the law. That law does not operate to make the debt of the contractors the debt of the appellant. Besides, the promise in no way prevented, as a matter of law, the appellees from enforcing their lien. The authorities, cited by appellee's counsel on this point, have been examined, and are not considered as contravening the principle of law above announced.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*